UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTWOINE DE'SEAN PARMER,

        Plaintiff,

  v.

WASHINGTON DEPARTMENT OF CORRECTIONS, JOHN and JANE DOE, DR. NAVARRO, and DR. CUAYCONG,

        Defendants.

No. C11-5390 RBL/KLS

ORDER GRANTING MOTION TO CONDUCT DISCOVERY

Before the Court is Plaintiff Antwoine De'Sean Parmer's Motion for Leave to Conduct Discovery After Cut-Off Date". ECF No. 21. Defendants oppose the motion. ECF No. 27. For the reasons stated below, the Court finds that the motion should be granted in part, to allow Plaintiff to take the depositions of the defendants. The Court further finds that the noting date of Defendants' motion for summary judgment shall be stricken pending the additional discovery.

## BACKGROUND

Plaintiff is currently incarcerated at the Monroe Correctional Complex (MCC). He alleges that while he was incarcerated at the Washington Corrections Center (WCC) in Shelton, Washington, Defendants provided inadequate medical care in violation of his Eighth Amendment rights. Specifically, he alleges that WCC medical staff failed to follow-up on recommended retinopathy laser treatments and because of this delay he had to have a retinal

ORDER - 1

reattachment surgery and is now partially disabled with a loss of vision in his right eye and suffers pain, frequent dizziness, headaches and cataracts. ECF No. 12, at 7.

Pursuant to the Pretrial Scheduling Order, all discovery was to be completed by March 16, 2012 and dispositive motions were to be served by May 18, 2012. ECF No. 20. Defendants filed a motion for summary judgment, which was noted for May 11, 2012. ECF No. 23. Plaintiff filed an answer and cross-motion for summary judgment. ECF No. 33. He argues that Defendants' motion for summary judgment is not ripe because Defendants "have refused to provide discovery [and] obstructed efforts to obtain documents from the medical staff." *Id.*

In his motion to extend the discovery deadline, Plaintiff states that he has very limited access to the legal library, his eyesight is slowing the research process down, and as of March 16, 2012, he learned of "potential witnesses" who need to be deposed. ECF No. 21. He does not identify the witnesses who he seeks to depose nor does he describe the testimony he anticipates he will seek from these potential witnesses. *Id.* In response, Defendants provide the Declaration of Rodney D. Askelson to show that Plaintiff has had ample use of the law library. ECF No. 30. Counsel for Defendants states that Defendants have responded to each of Plaintiff's discovery requests in a timely manner. ECF No. 28 (Declaration of Patricia Fetterly). Plaintiff provides further reasons why he has been delayed in prosecuting his case. These include lack of knowledge of the law and procedures, enrollment in Sex Offender classes and other educational classes that make it difficult for him to access the law library, and a part-time job. ECF No. 31.

From the information provided by the parties, the Court is able to determine that Plaintiff was attempting to schedule the depositions of the defendants by telephone or in person in February 2012. ECF No. 28, at 19. By letter dated March 28, 2012 to counsel for Defendants, Plaintiff stated that he wished to depose the Defendants (Drs. Navarro and Cuaycong), Eric

ORDER - 2

Hernandez, Timothy Hunter, David Drucker, and former superintendent Doug Waddington. *Id.*, at 21. John David Kenney, M.D., the Medical Director at Large for the Washington State Department of Corrections, states that Eric Hernandez is the Health Care Manager for WCC, Mr. Hunter is the Director of Behavioral Health at the Department of Corrections Headquarters, and Douglas Waddington was formerly the Superintendent of WCC. None of these individuals are medical doctors or professionals and none were involved in Plaintiff's medical care. ECF No. 29 (Declaration of John D. Kenney). Dr. Drucker performed surgery on Plaintiff's right eye in 2009 to repair a detached retina. *Id.* He is not and never has been employed by the Washington State Department of Corrections. *Id.*

After he received a copy of Dr. Kenney's declaration, Plaintiff states that Dr. Kenney is a "newly discovered" witness that he wishes to depose. ECF No. 31, at 2.

## DISCUSSION

Rule 56(d) of the Federal Rules of Civil Procedure provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d) (formerly subdivision (f)).

Cases interpreting former subdivision (f), make clear that a party seeking a continuance under Rule 56 must demonstrate that there are specific facts he hopes to discover if granted a continuance that will raise a genuine issue of material fact. *Harris v. Duty Free Shoppers Ltd. Partnership*, 940 F.2d 1272, 1276 (9th Cir.1991); *Carpenter v. Universal Star Shipping, S.A.*,

ORDER - 3

924 F.2d 1539, 1547 (9th Cir.1991). "The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists." *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1416 (9th Cir.1987). *See also Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir.2006); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (party opposing on Rule 56(f) grounds needs to state the specific facts he hopes to elicit from further discovery, that the facts sought exist and that the sought-after facts are essential to resisting the summary judgment motion); *Hancock v. Montgomery Ward Long Term Disability Trust*, 787 F.2d 1302, 1306 n. 1 (9th Cir.1986) (holding that the party opposing summary judgment "has the burden under Rule 56(f) to show what facts he hopes to discover to raise an issue of material fact"). Of course, pro se pleadings are to be construed liberally. *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976) (pro se complaints, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers").

Although Plaintiff has not specified what evidence he seeks from the proposed deponents, it is clear that he was making some attempt to schedule the depositions of the defendants back in February. The record reflects that Defendants Navarro and Cuaycong were both involved in Plaintiff's medical treatment. *See* ECF Nos. 24 and 25. Therefore, in an abundance of caution and in light of Plaintiff's pro se status, the Court will allow an extension of the discovery deadline for the sole purpose of allowing Plaintiff to take the depositions of these two defendants. As to the remaining individuals named by Plaintiff, Plaintiff has not shown good cause to take their depositions beyond the discovery deadline imposed by this Court.

Dr. Drucker, who performed the 2009 surgery on Plaintiff's detained retina, is not a "newly discovered" witness. In addition, Plaintiff did not contact counsel in an attempt to

ORDER - 4

schedule his deposition until March 28, 2012, after the discovery deadline had passed. ECF No. 28, at 21. Eric Hernandez, Timothy Hunter, Doug Waddington, and John David Kenney were not involved in Plaintiff's medical care. ECF No. 26 (Declaration of John David Kenney). Moreover, Plaintiff has not demonstrated that any of these individuals have any evidence relevant to his claims to justify an extension of the discovery deadline or continuance of Defendants' summary judgment motion.

Therefore, the Court will extend the discovery deadline until **August 24, 2011 for the sole purpose of allowing Plaintiff to take the depositions of Dr. Navarro and Dr. Cuaycong.** Plaintiff is required to comply with the Federal Rules of Civil Procedure in noting the depositions and must bear the recording costs. To facilitate discovery efforts, the Court anticipates that the parties will cooperate in good faith to schedule the depositions of Defendants. If the parties cannot agree, the Court suggests the following:

    (a) The depositions shall take place at or near the Monroe Correctional Complex (MCC), organized with the assistance of authorities at the MCC.

    (b) If the parties cannot agree otherwise, the depositions shall be conducted before an officer appointed or designated under Fed. R. Civ. P. 28; this should be an independent party without any interest in the matter and Defendants should in good faith seek to allow or agree to use an employee of the Department of Corrections to perform these duties to alleviate the high cost of using a private business; in any event the taped depositions shall include the information indicated in Fed. R. Civ. P. 30(b)(4);

    (c) The individual either chosen by the parties or appointed by the Court to provide the oath at the depositions shall also operate two tape recorders to produce two original recordings of a deposition. (If the parties are unable to agree to an individual and before the Court is willing to appoint an individual to administer oral depositions for Plaintiff, Plaintiff must explore other means to conduct discovery. Specifically, Plaintiff should consider Rule 31 to obtain information. The parties shall also note Rule 29 of the Federal Rules of Civil Procedure provides alternatives to general discovery practice and procedure, and the Court encourages the parties to mutually work out discovery complications.

ORDER - 5

Parties should inform the Court of stipulations made pursuant to Fed. R. Civ. P. 29).

(d) Defendants' counsel may attend the depositions and Defendants may record a deposition on his or her own equipment or Defendants may ask Plaintiff to produce a copy of the original tape at Defendants' cost; Defendants may choose to stenographically record a deposition at their own cost.

(e) At the end of a deposition, the plastic tab(s) on each original cassette shall be removed to help prevent the tape from being erased or recorded on a second time.

(f) At the end of a deposition one original tape shall be placed in an envelope, sealed, and signed by the person chosen or appointed to give the oath; this tape recording shall be delivered in its sealed state to the Clerk of the Court for filing with the court record.

(g) If the testimony from a deposition is to be used by either party in a motion, pleading or any aspect of the trial, the party proposing to use that testimony must supply the Court with a written transcript of the relevant portions of the deposition;

(h) A transcript of a deposition shall not be filed with the Court unless it is to be used by a party in a motion, pleading, or trial of this matter; a transcript of a deposition, in whole or in part, shall not be filed with the Court unless the deponent has had the opportunity to review and make any changes or corrections he or she deems necessary.

(i) Any challenges to the accuracy or trustworthiness of a transcript filed by a party can be raised in an objection served and filed by the opposing party in a responsive brief or appropriate and timely motion.

(j) If the recording is of poor quality and the Court cannot understand the tape and transcription, the recorded deposition shall not be utilized by either party for any purpose.

If the parties cannot agree, Fed. R. Civ. P. 37(a)(1) states that a party moving to compel discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the party not making disclosure in an effort to secure the disclosure without court action." Local Court Rule 37(a)(1)(A) explicitly states "[a] good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a

ORDER - 6

telephonic conference." The Court will not entertain discovery motions that fail to include a certification that a good faith attempt to confer was first made.

The Court will strike the noting date of Defendants' motion for summary judgment and Defendants may renew their motion after expiration of the new discovery deadline date by filing and serving a motion that simply incorporates by reference all evidence and arguments submitted in connection with the motion for summary judgment now pending before the Court or by filing a completely new motion. Upon Defendants' renewal of their motion for summary judgment, Plaintiff shall timely file his opposition. Plaintiff will not be granted any additional time for this purpose absent a compelling showing of good cause.

Accordingly, it is **ORDERED:**

(1) Plaintiff's Motion to Conduct Discovery (ECF No. 21) is **GRANTED in part**; the discovery deadline is extended until **August 24, 2012 for the sole purpose of allowing Plaintiff to take the deposition of Defendants Godofredo L. Navarro and Mary Jean Cuaycong.** The Clerk shall **strike** the noting date of Defendants' Motion for Summary Judgment (ECF No. 23)**.**

(2) At the expiration of the new discovery deadline of August 24, 2012, Defendant Riley may either file an amended motion for summary judgment including a new brief and supporting documents, or simply renew their motion by filing a notice of such renewal incorporating by reference all arguments and evidence submitted in connection with their motion for summary judgment filed on April 16, 2012.

ORDER - 7

(3) The Clerk shall send copies of this Order to Plaintiff and to counsel for Defendants.

**DATED** this  11th  day of June, 2012.

*[signature]*
Karen L. Strombom
United States Magistrate Judge

ORDER - 8